(120 App. Div. 388.)

## PEOPLE v. BURNHAM.

(Supreme Court, Appellate Division, First Department. June, 1907.)·

LARCENY—EVIDENCE—ADMISSIBILITY.

    Proof that defendant was an officer of a corporation does not justify admitting all the books of the corporation as evidence against him, on a trial for larceny of its funds, without proof of further connection of defendant with the books or entries.

The conviction of George Burnham, Jr., of larceny of the funds of a corporation, having been reversed, and a new trial ordered (104 N.

Y. Supp. 725), the state moves for reargument, and for resettlement of order. Motion denied.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

W. T. Jerome, for the motion.

S. T. Tyng, opposed.

PER CURIAM. A reconsideration of the questions involved on this appeal, in the light of the criticism of the opinion by the learned district attorney, fails to disclose that the court overlooked any material facts or any controlling authority, or that any grounds exist which would justify the court in ordering a reargument. The reference in the opinion to the admission of the entries in the books of the corporation related solely to such entries against the defendant, who is not shown to have had anything to do with the books, or any knowledge of their contents, or any connection with the entries; and the statement that the books of a corporation are not evidence against an officer of a corporation in a criminal proceeding against him, of course, refers only to books or entries where it was not shown that the person against whom the entries were offered had any knowledge of the entries or any connection with the books. What we decided was that mere proof that defendant was an officer of the corporation did not justify the court in admitting all the books of the corporation as evidence against him in a criminal proceeding, without proof of further connection of the defendant with the books or entries. The motion for reargument is therefore denied.

The reversal was distinctly upon the ground that upon the facts proved the judgment of conviction could not be sustained. The application for a resettlement of the order is therefore denied.